**Volker Keith MEINHOLD, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF DEFENSE, et al., Defendants.**

**No. CV 92-6044 TJH (JRx).**

United States District Court,
C.D. California.

Nov. 10, 1992.

———

Harry G. Melkonian, White & Case, Los Angeles, CA, for plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

HATTER, District Judge.

The Court, having reviewed all materials submitted in support of and in opposition to Plaintiff Volker K. Meinhold's Motion for Preliminary Injunction, hereby makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. In April of 1980, at age seventeen, Meinhold enlisted in the Navy and began an exemplary naval career. During his twelve years of service, Meinhold rose through the ranks to become, by Navy's own admission, one of its very best airborne sonar analysts and instructors. He was respected and praised by superiors and subordinates alike. In recognition of his achievements, the Navy appointed Meinhold to selective positions, so that he might serve as an example to others. By May, 1992, Meinhold was rated in the top ten percent of all Navy instructors, and was just six years away from being eligible for retirement.

2. At no time during Meinhold's naval career did the Navy ever ask him to identify his sexual orientation. Nor did the Navy ever formally notify Meinhold that, under Navy regulations, he would be discharged solely on the basis of a homosexual orientation. On numerous occasions throughout his naval career, Meinhold publicly acknowledged his gay orientation to various Navy representatives, including senior officers. Meinhold was sufficiently open about his sexual orientation that his status became common knowledge within his unit.

3. On May 19, 1992, during an interview on a national news program, Meinhold again acknowledged his gay status.

4. The Navy immediately initiated discharge proceedings against Meinhold on the basis of his sexual status. Within three months, the Navy discharged Meinhold from the Navy.

5. During Meinhold's administrative discharge hearing, the Navy repeatedly violated its own procedural requirements and failed to offer any rationale for its discharge decision.

6. On October 6, 1992, Meinhold filed a Verified Complaint and Motion for Preliminary Injunction, against the U.S. Department of Defense and the U.S. Department of the Navy ("Defendants") requesting immediate reinstatement in the Navy. Meinhold requested a hearing date on the motion of November 9, 1992.

7. On October 19, 1992, Defendants filed an *Ex Parte* Application for Stay of Proceedings, and alternatively a continuance of Meinhold's motion for a preliminary injunction.

8. On October 22, 1992, the Court rejected Defendants' request for a stay, but granted Defendants an extra week to file its opposition to Meinhold's motion.

9. On November 2, 1992, Defendants filed a defective opposition to Meinhold's motion for a preliminary injunction. The purported opposition, entitled "Memorandum in Support of Defendants' Motion for Summary Judgment and in Opposition to Plaintiff's Motion for a Preliminary Injunction," is 56 pages in length and purported to be both an opposition to Meinhold's motion, and a motion for summary judgment.

10. On November 4, 1992, Meinhold's counsel contacted Defendants and offered Defendants an opportunity to withdraw its opposition and refile a proper opposition, if the Court so approved. Defendants did not agree to do so.

11. On November 5, 1992, Defendants filed an *Ex Parte* Application requesting that the Court grant Defendants' permission, after the fact, to exceed the 35–page limit set forth in Local Rule 3.10. In addition, on November 5, 1992, Meinhold filed *Ex Parte* Applications to strike Defendants' opposition and for a continuance of Defendants' motion for summary judgment.

12. On November 6, 1992, the Court denied Defendants' *Ex Parte* application and granted Meinhold's *Ex Parte* application. In addition, the Court ordered that Defendants' brief be stricken, and that Meinhold's motion for a preliminary injunction be granted. The Court ordered Defendants, their agents, employees, and representatives to reinstate Meinhold to his position in the United States Navy as an Aviation Antisubmarine Warfare Operator First Class (AW1).

## CONCLUSIONS OF LAW

Meinhold has demonstrated a probability of success on the merits and the likelihood

of irreparable injury for each of the following reasons, independently of one another:

1. The Navy, by failing to follow its own procedural regulations in Meinhold's discharge, violated the administrative procedures act. (5 U.S.C. Section 702 *et seq.*). Specifically,

a. The Navy failed to articulate the standard governing its decision to discharge Meinhold;

b. The Navy violated its own procedural regulations during his administrative discharge hearing by, among other things, introducing improper evidence, considering Meinhold's failure to testify on his own behalf, permitting the unauthorized presence of non-voting members during Board deliberations, and taking into account unauthorized findings.

2. The Navy's action in discharging Meinhold violated traditional principles of estoppel because, through its conduct, the Navy repeatedly assured Meinhold he would not be discharged despite his acknowledged gay status, provided he conformed his conduct to all military requirements.

3. The Navy's regulations, which mandate the discharge of all homosexual service members on the basis of their sexual status, is a bill of attainder in violation of Art. I, § 9 of the U.S. Constitution.

4. The Navy's regulation violates the equal protection guarantee of the Fifth Amendment because the Navy has shown no rational relationship between the regulation and its purported objective.

5. Due to Meinhold's constant need to hone his skills and keep abreast of technological advances, Meinhold will suffer irreparable injury if Meinhold remains separated from his job, in that he will be deprived of the ability to return to his position as an expert airborne sonar analyst and instructor.

6. The Navy will suffer no hardship through reinstatement of Meinhold since he is, by the Navy's own admission, one of their finest airborne sonar analysts. Therefore, no bond is necessary.

## ORDER

The Court, having considered Defendants' *ex parte* application for reconsideration of the Court's issuance of a preliminary injunction or, in the alternative, for a stay pending appeal, together with the moving papers.

It is Ordered that Defendants' *ex parte* application be, and hereby is, Denied.

It is further Ordered that the Secretary of the Navy shall immediately reinstate Plaintiff to his position in the United States Navy as an Aviation Antisubmarine Warfare Operator First Class (AW1).

## ORDER

It is Ordered that the United States Attorney shall personally notify the Secretary of the Defense and the Secretary of the Navy of the preliminary injunction, and all other orders in this action, and that they shall comply with all orders of this Court no later than 8:00 a.m. Pacific Standard Time on November 12, 1992.

It is further Ordered that failure to comply will result in sanctions, which will include, but shall not be limited to, a prohibition against filing any further papers in this action, and any papers filed by Plaintiff shall be deemed unopposed.